Todd C. Atkins (SBN 208879)
tatkins@atkinsdavidson.com
**ATKINS & DAVIDSON, APC**
750 East Green Street, Suite 204
Pasadena, CA 91101
(619) 665-3476

Matthew M. Wawrzyn (*pro hac vice*)
matt@wawrzynlaw.com
Stephen C. Jarvis (*pro hac vice*)
stephen@wawrzynlaw.com
**WAWRZYN & JARVIS LLC**
233 S. Wacker Drive, 84th Floor
Chicago, IL 60606
(312) 283-8010

*Counsel for Plaintiff POWERbahn, LLC*

Jonathan Pearce, Cal. Bar No. 245,776
jpearce@socalip.com
Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
**SOCAL IP LAW GROUP LLP**
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Defendant Zwift, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA–WESTERN DIVISION**

| | |
|---|---|
| POWERbahn, LLC,<br>    Plaintiff,<br>    v.<br>Zwift, Inc.,<br>    Defendant. | No. 2:17-cv-01393-MLH (MRWx)<br>**Stipulated Protective Order to Comply with Court's November 28, 2017, Order**<br>Magistrate Judge: Michael R. Wilner |

Under FED. R. CIV. P. 26(c), the parties stipulate to this Protective Order:

1. Plaintiff POWERbahn, LLC, and defendant Zwift, Inc. (the "Parties"), and certain non-parties that may respond to discovery, are engaged in proprietary business activities and could suffer immediate and irreparable harm if certain documents,

were disclosed without adequate safeguards. This is a lawsuit for infringement of three POWERbahn patents related to software for bicycle trainers. Defendant Zwift supplies its software to consumers who use that software in conjunction with bicycle trainers sold by two independent companies. Both of those companies are defendants in separate lawsuits in other districts. Zwift's website also allows customers to purchase trainers from one of these companies. Plaintiff POWERbahn claims that it sells trainers or licenses others to sell trainers incorporating its technology. POWERbahn has also expressed a desire to compete with Zwift and the defendants in other cases in selling bicycle trainers. Each party here has technical information, including computer software source code related to the trainers, that would likely be commercially useful to the other party were it not protected from disclosure. Zwift likewise has financial information dealing with sales and pricing that might be useful for POWERbahn. POWERbahn and Zwift marketing plans and information about the needs of customers or prospects could be useful for each other. Disclosure of one party's technical, financial, pricing and customer information to the other party could potentially harm the disclosing party.

2. This protective order governs handling all documents provided to a Party by a producing person. This protective order also governs handling any documents previously exchanged between the Parties, to the extent the Parties designated them as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code." relating to the underlying claims and defenses, and supersedes any earlier confidentiality agreements about the exchange of such documents.

3. The term "document" includes the documents, information and materials in Fed. R. Civ. P. 34(a)(1), any electronic information or data disclosed or produced, any responses to written discovery and any deposition or other testimony.

4. A producing person disclosing documents in this action may designate all or a portion of those documents as "Confidential" "Highly Confidential – Attorneys'

Stipulated Protective Order    2    POWERbahn, LLC, v. Zwift, Inc.,
2:17-cv-01393-MLH (MRWx)

Eyes Only" or "Confidential – Source Code." Each designation constitutes the producing person's representation it believes in good faith that the designated document contains trade secret, proprietary or other confidential research, development or commercial information, or sensitive or confidential personal information, not generally known to the public whose unrestricted disclosure could cause competitive or other injury, or annoyance, embarrassment or oppression to the disclosing producing person, or other information protected from public disclosure by statute or regulation or otherwise under law. Producing persons will reasonably limit in scope all "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" designations.

5. A producing person designating documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" must do so reasonably calculated to advise any other producing person of that designation, including but not limited to by:

    a) During a deposition, indicating on the record that certain testimony is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code."

    b) After a deposition, notifying all parties in writing within 14 days from the delivery of the transcript by the reporter that certain testimony is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code."

    c) Affixing appropriate labels to such designated documents.

    d) Designating specific documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" in correspondence provided to the Parties.

6. For 14 days from delivery by the reporter, producing persons must treat each deposition transcript as "Highly Confidential –Attorneys' Eyes Only" in its entirety.

7. Producing persons receiving "Confidential" documents may disclose these documents only to:

    a) A lawyer for a Party, including outside and in-house lawyers and other lawyers regularly employed in their offices, and the lawyers' staff, including secretaries, paralegals and document clerks.

    b) The following two representatives for each party, who must also sign the Appendix A acknowledgment to be bound to its terms:

        For POWERbahn: Scott Radow

        For Zwift: Alarik Myrin

    c) Accountants, auditors, independent consultants or regulators to whom a Party may have to respond or report in the ordinary course of business regarding this case or proceedings arising out of or related to this case.

    d) Experts or consultants, whether employees or officers of the Parties, retained by a Party to assist, including their staff, but only for the expert or consultant to perform his or her assigned tasks with this case.

    e) Any witness and his or her counsel, but only for the witness's review to prepare for or during his or her deposition or in-court testimony.

    f) Mediators or similar outside parties and their staffs enlisted by the Parties to assist in resolving the claims and defenses of the Parties.

    g) Persons requested to furnish services such as document collection, processing, review, coding, copying or ESI storage services to assist a Party or in proceedings arising from or related to this case.

    h) Court and deposition reporters, videographers or transcribers employed in this case or proceedings arising out of or related to this case.

     i) The Court and its staff.

     j) Any person to whom the information justifying the document's designation as "Confidential" has been disclosed by the disclosing producing person.

     k) Any other person for whom the Party receiving the information can show good cause, but only upon order of the Court or with advance written permission of the producing person that disclosed the document and designated information in the document as "Confidential."

    8. Notwithstanding the restrictions in paragraph 7a) through k), this protective order will not bar or otherwise restrict counsel from rendering advice to his or her client regarding this matter or from generally referring to or relying upon "Confidential" information in rendering such advice.

    9. Producing persons receiving "Highly Confidential –Attorneys' Eyes Only" documents may disclose these documents only to:

     a) A lawyer for a Party, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff, including secretaries, paralegals and document clerks.

     b) Accountants, auditors, independent consultants or regulators to whom a Party may have to respond or report in the ordinary course of business regarding this case or proceedings arising out of or related to this case.

     c) Outside, non-employee and non-officer, experts or consultants retained by a Party to assist, including their staff, but only for such expert or consultant to perform his or her assigned tasks.

     d) Mediators or similar outside parties and their staffs enlisted by the Parties to assist in resolving the claims and defenses of the Parties.

     e) Persons requested to furnish services such as document collection, processing, review, coding, copying or ESI storage services to assist a Party or in proceedings arising out of or related to this case.

f) Court and deposition reporters, videographers or transcribers employed in this case or proceedings arising out of or related to this case.

g) The Court and its staff.

h) Any person to whom the information justifying the document's designation as "Highly Confidential – Attorneys' Eyes Only" has been disclosed by the disclosing producing person.

i) Any other person for whom the Party receiving the information can show good cause, but only upon order of the Court or with advance written permission of the producing person that disclosed the document and designated information in the document as "Highly Confidential –Attorneys' Eyes Only."

10. Notwithstanding the restrictions in paragraph 8a) through i), this protective order will not bar or otherwise restrict counsel from rendering advice to his or her client regarding this matter or from generally referring to or relying upon "Highly Confidential –Attorneys' Eyes Only" information in rendering such advice.

11. Any party or third party to this action wishing to avail itself of the protection afforded source code in this protective order must designate the source code as "Confidential – Source Code." The party producing source code must, at a minimum, produce to the receiving party in electronic format, such as CD or DVD, in native form. Each receiving party will be provided with three non-transferable electronic copies of the source code to be returned to the providing party at the end of this litigation. These electronic copies may not be duplicated, except as provided below. Any electronic source code produced by a party to this action or a third party to this action must be maintained by the receiving party in a secure location on an isolated, password-protected computer not connected to the Internet. Source code may only be disclosed to outside litigation counsel and designated experts who have agreed to be bound by the terms of the protective order by signing the acknowledgement of Appendix A. This protective order does not limit the ability of a designated expert to

print or otherwise utilize the provided source code as needed to prepare expert reports and prepare for trial. Any reports, exhibits, testimony, or other communication(s) that are to be filed with or presented to the Court that refer to, relate to, or include any portion of the source code must be designated as "Confidential – Source Code" and filed under seal with the Court.

12. Documents and information designated Confidential – Source Code also may be disclosed to:

    a) The Court.

    b) Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony.

    c) Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential Attorney's Eyes Only – Source Code Information be disclosed for this litigation.

    d) Outside consultants and experts assisting counsel, so long as each such expert or consultant is not an officer, employee or consultant (other than for this action) of any party or any non-party competitors of either party and who have executed the Acknowledgement attached as Appendix A.

    e) Any other person upon the prior written agreement of the party or non-party who designated the confidential information as "Attorneys' Eyes Only – Source Code" (which agreement may be recorded in a deposition or other transcript).

13. Producing persons receiving documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" must:

    a) not disclose the documents except as permitted under this protective order.

    b) use those documents only in the prosecution or defense or any other efforts by the Parties to obtain insurance or indemnities related to this action; and

    c) maintain those documents in a manner reasonably designed to prevent their unauthorized disclosure.

14. All producing persons receiving any document designated as "Confidential," "Highly Confidential –Attorneys' Eyes Only" or "Confidential – Source Code." under Paragraphs 7c)–e) and k), 9b), c), and i) or 12 d) and f) must sign the Acknowledgment attached as Appendix A. Each producing person disclosing documents under Paragraphs 7, 9 and 12 must maintain signed copies of all Acknowledgments obtained by that disclosing producing person. If a Party believes, in good faith, the other party violated this protective order, that Party must notify the opposing Party in writing of such alleged violation and may demand a copy of the executed Acknowledgment of all persons connected to the suspected violation, which copy must be produced within seven days of the demand.

15. "Confidential," "Highly Confidential –Attorneys' Eyes Only" and "Confidential – Source Code" information does not include, and this protective order does not apply to, information disclosed by persons and through methods authorized by the information owner to the public or third persons in a manner making such information no longer confidential other than with this protective order.

16. Nothing in this protective order will prevent the disclosure of documents designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only" or "Confidential – Source Code:"

    a) by the producing person so designating such documents.

    b) by producing persons under terms consented to by the producing person designating the document; or

    c) by order, after notice to all affected parties.

17. A producing person inadvertently disclosing "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" documents without the proper designation may, within 14 days of learning of such disclosure, substitute properly designated documents for those inadvertently disclosed without designation. A producing person receiving designated documents must within 14 days of receiving such documents:

    a) attempt to retrieve and destroy all disclosed copies of such documents.

    b) provide written confirmation of the destruction of all disclosed copies of such documents; and

    c) substitute the properly designated documents.

18. The inadvertent production of "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" information without a designation constitutes no waiver of the right to claim later a "Confidential" or "Highly Confidential –Attorneys' Eyes Only" or "Confidential – Source Code" designation.

19. By entering this protective order and limiting the disclosure of information, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this protective order who becomes subject to a motion to disclose another party's information designated "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" under this protective order must promptly notify that party to allow the Party to appear and be heard on whether information should be disclosed.

20. A Party must challenge the designation of documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" by another producing person when the documents are designated, but a Party's failure to challenge the designation will not preclude a later challenge. Upon a challenge to an assertion of such designation of confidentiality by a Party, the producing persons

must try first to resolve such dispute in good faith and on an informal basis. If the producing persons cannot resolve their dispute informally, the producing person seeking the confidentiality protection must apply to the Court for a protective order specific to those documents. Any challenge to a confidentiality designation must comply in full with the joint filing format described in Local Rule 37 for all discovery motions.

21. The Parties reserve the right to dispute whether the attorney-client privilege, work-product doctrine, bank examination privilege, or any other privilege or immunity apply to any documents or information provided by the designating producing person and this protective order does not waive or limit any right that the receiving Party may have to seek such documents or information.

22. To streamline discovery and avoiding unnecessary conflicts between the Parties, if during this case, a producing person produces or discloses a document that the producing person claims to be privileged or protected from discovery by the work-product doctrine, the attorney-client privilege or any other privilege or protection, the producing person must give notice to the receiving person in writing. Upon receipt of such notice, the receiving person must not read or review the contents of the document subject to the notice. Within seven days of receiving notice, this document will be returned to the producing person or the receiving person will certify that any copies of the document have been retrieved and destroyed, and the receiving person will certify that all portions of any notes and work product quoting or referring to the document have been deleted or destroyed. If the receiving person has disclosed the information to others before being notified of the claim of privilege or protection, the receiving person must try to retrieve and return or destroy the disclosed information. The receiving person upon receiving a privilege log identifying the document or information remains free to challenge any claim of privilege or protection, but must make no claim that the production of the document effected a waiver of any

privilege or protection. Absent a ruling by a court of competent jurisdiction that the document is not privileged or protected, a receiving person may not disclose nor use the document or any information disclosed in or derived from the document. To effectuate this protective order and protect the efficient process of discovery, documents produced during this case, which are claimed to be privileged or protected and sought to be reclaimed by a producing person under this paragraph will not be grounds by any non-party to argue that any waiver of privilege or protection has occurred by any production. Any analyses, memoranda or notes created based upon such inadvertently-produced information will be treated immediately in conformance with the protected nature of the information.

23. Neither agreeing nor complying with this protective order, nor producing or receiving any document designated "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" will prejudice the rights of:

    a) Any Party or non-party to object to the production of documents it considers privileged or otherwise not subject to discovery.

    b) Any Party to object to the authenticity or admissibility into evidence of any documents, testimony or other evidence subject to this protective order.

    c) Any Party or non-party to seek a determination by the Court of whether any documents designated "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" should be subject to this protective order.

    d) Any Party to object to the production of documents or information.

    e) Any Party to move for an order compelling the production of documents or information.

    f) Any Party to move for modification of this protective order.

24. Nothing in this protective order prevents a producing person from using its own documents designated "Confidential," "Highly Confidential – Attorneys' Eyes

Only" or "Confidential – Source Code" for any purpose. Nothing in this protective order will be construed to prevent a producing person who has designated documents "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" from agreeing to release any such documents, information or materials from the requirements of this protective order. If it does so, it must notify the other Parties in writing. A producing person may waive it rights under this protective order by a writing stating its intent to waive such rights.

25. After the final resolution, including any appeals, this protective order will continue to be binding, except regarding those documents and information that become a matter of public record. The Court retains and will have continuing jurisdiction over the parties and recipients of "Confidential," "Highly Confidential – Attorneys' Eyes Only" and or "Confidential – Source Code" information to enforce this protective order following the termination. Within 60 days of the final resolution, including any appeals, counsel for the Parties must make reasonable efforts either to:

   a) assemble and return to the producing person providing information designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" all such documents in his or her possession or

   b) destroy all such documents in its possession, delivering to the producing person providing such documents a written certificate he or she has complied with this protective order.

26. Notwithstanding the duties in paragraph 24a) and b) the Parties and their outside counsel may (1) retain one set of designated materials to document the substance and disposition of the claims and defenses, and (2) retain designated materials to the limited extent required by their internal document retention policies and procedures and their regulatory obligations, so long as such designated materials are treated and maintained under this protective order. The Parties receiving designated mate-

rials may keep their attorney work product referring or relating to any designated material.

27. *Deleted.*

28. Under Central District Local Rule 79-1, if any papers to be filed with the Court contain information or documents designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" the proposed filing will be accompanied by an application to file the papers or the portion of the papers containing the designated information or documents (if the portion can be segregated) under seal. The application will be directed to the judge to whom the papers are directed. For motions, the parties will publicly file a redacted version of the motion and memorandum to support the motion.

29. The Parties may amend this protective order by agreement in a writing signed by an authorized representative of each Party and approved by the Court.

30. Any non-party served with a subpoena or other request for discovery by a Party may avail itself of this protective order by providing written notice to the Parties and by signing the Acknowledgement attached as Appendix A.

November 30, 2017 /s/ *Jonathan Pearce*
Jonathan Pearce
SOCAL IP LAW GROUP LLP
Attorneys for Defendant Zwift, Inc.

Under Local Rule 5-4.3.4, Jonathan Pearce attests that the following signatory concurs in the filing's content and has authorized the filing.

November 30, 2017 /s/ *Matthew M. Wawrzyn*
Matthew M. Wawrzyn (*pro hac vice*)
WAWRZYN & JARVIS LLC
*Counsel for POWERbahn, LLC*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 1, 2017

Honorable Michael R. Wilner

# Appendix A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA–WESTERN DIVISION

POWERbahn, LLC,

    Plaintiff,

        v.

Zwift, Inc.,

    Defendant.

No. 2:17-cv-01393-MLH (MRWx)

Protective Order Acknowledgment

I have been provided with a copy of the Stipulated Protective Order entered in this case (the "Order") and understand the Order. I also understand that any "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Confidential – Source Code" documents within the meaning of the Order shown to me are confidential, will be used by me only as designated and provided in the Order, and will not be disclosed by me unless permitted under the Order. By executing this Acknowledgment, I agree to be bound by the Order and agree to consent to venue and jurisdiction for enforcement of the Order.

Signature: _____

Print Name: _____

Date Signed: _____